**Marcus PAUL, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Supreme Court of Kentucky.

Sept. 1, 1981.

Rehearing Denied Jan. 12, 1982.

Timothy Philpot, Anggelis & Philpot, Lexington, for appellant.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Virgil Webb III, Asst. Attys. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

Marcus Paul was indicted for the first degree murder and robbery of Thomas B. Hall in Lexington, Kentucky, on September 27, 1979. He was sentenced to concurrent prison terms of 99 years for the murder and 20 years for the robbery.

Paul never denied killing and robbing Hall. His testimony at trial detailed the events leading up to and including the crimes. Paul had for some time earned a living as a male prostitute, although he professed an intense dislike for homosexuals. The victim, Thomas Hall, was an avowed homosexual. Paul was walking the intoxicated victim to his motel room when the beating death occurred. As Paul described it, Hall pulled his hair and attempted to kiss him, at which point Paul's revulsion became so great that he lost control.

Paul's sole defense was that of insanity under KRS 504.020. A substantial number of medical and lay witnesses testified as to his history of bizarre and violent behavior, loss of control in certain situations, and his antisocial, aggressive personality.

Though other points are raised, the only one that might arise upon retrial concerns a series of questions directed to a psychiatrist by the trial court.

After excluding testimony offered by the Commonwealth for the purpose of showing that psychiatric treatment is available in the state correctional institution at La Grange, the trial court advised the prosecutor that the proper approach would be to "show inadequacy of that remedy in a mental institution, such as under what conditions, what are the requirements before they can be put there and kept there." Exercising commendable prudence, however, the Commonwealth's Attorney observed that this would be the same as discussing parole, and he declined to pursue the subject, whereupon the trial judge himself conducted the following interrogation:

Q 1 Doctor, what are the requirements to put a person in a mental institution under federal and state law at this time?

A Under state law, you are speaking of—

Q 2 To put them in and to keep them there?

A Against their will?

Q 3 Yes, sir?

A Against their will, the requirements are that they have a mental illness or defect and by virtue of that mental illness or defect they present a danger to themselves or others—an immediate danger to themselves or others, and that they can benefit from treatment. In other words, if there is no treatment that would help them, they are still not liable to be in the hospital.

Q 4 And did it not also require that this be the least confining method—

A I was going to say that this be the least confining method of treatment.

Q 5 And if that person after a period is determined not to be a danger to themselves or to others, they can be released?

A Yes.

Q 6 And if that is the result of taking medications at the institution, is there a guarantee that they will continue to take the medication?

A Absolutely no guarantee.

It will be recalled that in *Jewell v. Commonwealth*, Ky., 549 S.W.2d 807, 812 (1977), we held it was not improper for the prosecuting attorney to remind the jury (in his summation) that in the event of an acquittal on grounds of insanity there is little if any assurance that the defendant will not soon be at large again. Then, in *Gall v. Commonwealth*, Ky., 607 S.W.2d 97, 111 (1980), we pointed out that defense counsel are equally at liberty to point out, in addressing the jury, that "if after the defendant is acquitted there appear reasonable grounds to believe he is insane and ought to be committed to an institution, he can be tried in a civil commitment proceeding."

The reason we have held such remarks permissible is that they are within the realm of common knowledge and fair comment. It has never been suggested, however, that they could be introduced in the form of proof, or that the subject might be pursued in further detail. The Commonwealth's Attorney was exactly right. The questioning was prejudicially erroneous, and the defendant was entitled to a mistrial.

The judgment is reversed with directions for a new trial.

PALMORE, C. J., and AKER, LUKOWSKY, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur.